IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN ELLIS,

        Plaintiff,

  v.

K. HAGER, et al.,

        Defendants.
                                     /

No. C 07-00665 SBA (PR)

**ORDER OF DISMISSAL AND REMANDING ACTION TO STATE COURT**

## INTRODUCTION

Plaintiff filed this civil action in the Monterey County Superior Court, Ellis v. Hager, et al., CV M-79628. He alleges that Defendants SVSP Medical Supply Supervisors K. Hager and R. Avelino negligently supplied him with a pressurized mattress that was five inches wider than his bed frame, which caused Plaintiff to fall and injure himself while transferring to his wheelchair.

Plaintiff subsequently filed a first amended complaint in state court, which alleged -- in addition to general negligence claims -- violations of the Americans With Disabilities Act (ADA).

Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(b) because it alleges violations of the ADA. Defendants, who are represented by the State Attorney General's Office,[1] filed a motion asking the Court to screen the first amended complaint under 28 U.S.C. § 1915A.

Plaintiff filed a motion for leave to file a second amended complaint. In an Order dated July 31, 2007, the Court granted Plaintiff leave to file a second amended complaint. In addition to the aforementioned claims, Plaintiff has included products liability claims against the manufacturers and suppliers of the mattress. He seeks compensatory and punitive damages.

The Court now conducts its initial review of the second amended complaint (docket no. 9) pursuant to 28 U.S.C. § 1915A.

---

[1] Deputy Attorney General Kenneth Roost represents and has acknowledged service on behalf of Defendants Hager and Avelino.

**DISCUSSION**

**I.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**II.    Legal Claims**

**A.     ADA Claim**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, a plaintiff must allege four elements: (1) that he is an individual with a disability; (2) that he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) that he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

A qualifying "disability" is "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or

1  (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

2  Federal regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

Monetary damages are not available under Title II of the ADA absent a showing of discriminatory intent.  See Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998).  To show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity.  Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).  Deliberate indifference requires: (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood.  Id. at 1139.  The first prong is satisfied when the plaintiff identifies a specific, reasonable and necessary accommodation that the entity has failed to provide, and the plaintiff notifies the public entity of the need for accommodation or the need is obvious or required by statute or regulation.  Id.  The second prong is satisfied by showing that the entity deliberately failed to fulfill its duty to act in response to a request for accommodation.  Id. at 1139-40.  The entity's duty is to undertake a fact-specific investigation to gather from the disabled individual and qualified experts sufficient information to determine what constitutes a reasonable accommodation, giving "primary consideration" to the requests of the disabled individual.  Id.  The second prong is not satisfied if the failure to fulfill this duty to accommodate is a result of mere negligence, such as "bureaucratic slippage" or where the entity simply "overlooked" a duty to act.  Id.

When a state facially discriminates against the disabled, it is charged with notice that federal rights are implied by such discrimination, and is, at the very least, deliberately indifferent.  Lovell v. Chandler, 303 F.3d 1039, 1057 (9th Cir. 2002) (concluding that Hawaii's facial exclusion of the disabled from its medical coverage program entitled plaintiffs to compensatory damages as a matter of law).

Punitive damages may not be awarded in suits brought under Title II of the ADA.  Barnes v. Gorman, 536 U.S.181, 189 (2002).

3

1    Here, Plaintiff's second amended complaint, when liberally construed, fails to state a
2 cognizable claim for relief under Title II of the ADA.  Specifically, Plaintiff claims that: (1) he is an
3 individual with a disability, i.e. he is a paraplegic, and (2) he is otherwise qualified to participate in
4 the California Department of Corrections and Rehabilitation's "medical services program."  (Second
5 Am. Compl. at 5.)  He alleges that he was "subjected to a defective assistive device (pressure
6 mattress)" by Defendants Hager and Ellis.  (Id.)  Plaintiff does not allege the remaining two
7 elements of a cognizable ADA claim, specifically that: (3) he has been excluded from participating
8 in the "medical services program," and (4) such exclusion is by reason of his disability.  Nor does
9 Plaintiff establish deliberate indifference in order to show that Defendants Hager and Ellis acted
10 with discriminatory intent.  At most, the Plaintiff only alleges that their actions were a result of mere
11 negligence.  Furthermore, Plaintiff cannot bring an ADA claim against individual officers, such as
12 Defendants Hager and Ellis, because the proper defendant is the public entity responsible for the
13 alleged discrimination.  Nor can he bring a § 1983 action against Defendants Hager and Ellis based
14 on any allegedly discriminatory conduct.  See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir.
15 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a state official in her
16 individual capacity to vindicate rights created by Title II of the ADA or section 504 of the
17 Rehabilitation Act.").  Finally, as mentioned above, Plaintiff may not request punitive damages if he
18 wishes to sue under Title II of the ADA.  See Barnes, 536 U.S. at 189.  Accordingly, Plaintiff's ADA
19 claim against Defendants Hager and Avelino are DISMISSED for failure to state a cognizable claim
20 for relief.

21    **B.    Remaining Claims**

22    Plaintiff also seeks monetary relief from Defendants "Comfort Care Manufacturer/Suppliers
23 1-20," who are construed to be Doe Defendants,[2] for damages caused from the pressurized mattress
24 involved in the aforementioned incident during which Plaintiff fell and injured himself.  The alleged
25 Defendants are private companies, not state actors.  Plaintiff has therefore failed to state a claim

---

[2] Doe Defendants are not favored in the Ninth Circuit.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (citing Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968)).

against them under section 1983. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) (no right to be free from infliction of constitutional deprivations by private individuals).

Finally, Plaintiff's second amended complaint does not allege a violation of a right secured by the Constitution or laws of the United States. As mentioned above, the facts he alleges show, at most, negligence by Defendants Hager and Avelino. Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. See County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care; however, an Eighth Amendment violation only occurs if there is deliberate indifference to a known risk to an inmate's serious medical condition. Even with liberal construction, Plaintiff's second amended complaint does not allege deliberate indifference to a medical need because that high standard requires that Defendants Hager and Avelino actually know of and act in conscious disregard of a known serious risk. The Court notes that Plaintiff alleges:

> As professional assistive device providers, Medical Warehouse Supervisors, Defendants K. Hager and R. Avelino both owed a legal duty to use due care and take reasonable actions to order and deliver Plaintiff patient a pressure mattress from Medical Supplies, custom manufactured to meet, both, the dimensions of the Plaintiff patients [sic] bunk and the specifications approved by the ordering physician, HCM/CMO, however failed to exercise reasonable professional care and thereby negligently exposed Plaintiff to the real danger of foreseeable harm resulting in injury to Plaintiff's femur, back and shoulder.

(Am. Compl. at 7-8.) Plaintiff is alleging a general negligence claim under California law, and he would not be able to amend to allege a cognizable Eighth Amendment claim.

Because Plaintiff's second amended complaint does not allege cognizable ADA or Eighth Amendment claims, or any other claim arising under federal law, this Court lacks subject matter jurisdiction over the remaining claims in this case. See 28 U.S.C. § 1331. Under such circumstances, the Court must remand the action to state court. See 28 U.S.C. § 1447(c).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's ADA claim against Defendants Hager and Avelino is DISMISSED for failure to state a cognizable claim for relief.

2. This action is hereby REMANDED to the Superior Court of the State of California in and for the County of Monterey.

3. The Clerk of the Court shall terminate any pending motions and close the file.

IT IS SO ORDERED.

DATED: 2/6/09

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.07\Ellis0665.dismiss&remandSTATEclaims.wpd          6

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN ELLIS,

        Plaintiff,

v.

K HAGER et al,

        Defendant.

Case Number: CV07-00665 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 6, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Benjamin F. Ellis P-16230
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: February 6, 2009

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Ellis0665.dismiss&remandSTATEclaims.wpd